UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANGELIQUE MCPHERSON, *on behalf of herself
and others similarly situated*,

                *Plaintiff*,

                                             **MEMORANDUM
                                             AND ORDER**
          -against-                             23-cv-04273 (JMA) (JMW)

LOOK ENTERTAINMENT LTD, d/b/a Billy Dean's
Showtime Café, WILLIAM "BILLY" DEAN,
*an individual*, and RORI GORDON, *an individual*,

                *Defendants*.
-------------------------------------------------------------------X

**A P P E A R A N C E S:**

    Penn Dodson, Esq.
    **Anderson Dodson, P.C.**
    11 Broadway, Suite 615
    New York, NY 10004
    *Attorney for Plaintiff*

    Gerald V. Dandeneau, Esq.
    **Dandeneau & Lott**
    425 Broadhollow Rd. Suite 114
    Melville, NY 11747
    *Attorney for Defendants*

**WICKS**, Magistrate Judge:

        Plaintiff Angelique McPherson ("Plaintiff" or "McPherson") brings this action on behalf of herself and other similarly situated current and former and current employees of Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") § 650 *et seq.*, and 12 New York Codes, Rules and Regulations § 146 ("NYCRR"). (ECF No. 1.) Specifically, Plaintiff alleges Defendants: (i) failed to pay their

employees minimum wages for hours worked under the FLSA and NYLL (*Id*. at ¶ 50, 57-58); (ii) willfully failed to keep true and accurate records regarding employee wages, hours, and other conditions of the employment under FLSA and NYLL (*Id*. at ¶ 51-54, 66-68); (iii) made improper deductions and improper tip practices, as well as a failure to provide break time and pay stubs/wage notices/tip notices under NYLL (*Id*. at ¶ 59-65); and (iv) engaged in fraudulent reporting. Plaintiff seeks damages in "an amount equal to the greater of $5,000 or the sum of" actual damages, costs, and attorney's fees." (*Id.* at 70-72.) Now before the Court is Plaintiffs' Motion for Conditional Certification of the FLSA Collective (ECF No. 15), which is opposed by Defendants (ECF No. 16).  For the reasons stated below, Plaintiffs' Motion is **GRANTED** *in part* and **DENIED** *in part*.

## BACKGROUND

**I.      Factual Background**

Plaintiff was a performer for Billy Dean's Showtime Café as a dancer from September 1, 2021, to March 16, 2022. (ECF No. 1 at ¶ 21.) Defendant Look Entertainment Ltd d/b/a Billy Dean's Showtime Café ("Billy Dean's") is a corporation whose principal place of business is located at 1538 Newbridge Rd, North Bellmore, NY. (*Id.* at ¶ 23.) Billy Dean's is a so-called "gentlemen's club."  Individual Defendants are William "Billy" Dean ("Dean") and Rory Gordon ("Gordon"), both of whom reside in Nassau County. (*Id.* at ¶ 11-12.) Both Defendants actively participated in the business of the corporation and exercised substantial control over the functions of the company's employees, including Plaintiff. (*Id.* at ¶ 13-16.) As stated, all Defendants are alleged to have failed to pay minimum wage, to keep employee records, to provide break time, and to provide pay stubs/wage notices/tip notices. (*Id.* at ¶¶ 50-54, 57-58, 61-68.) Plaintiff additionally alleged Defendants engaged in improper tip practices and improper deductions from employee wages. (*Id.* at ¶ 59-60.)

2

Billy Dean's was open Thursday, Friday, and Saturday nights, from 10:00pm to 4:00am. (*Id.* at ¶ 23.) McPherson worked three shifts a week which she estimated to be a total of approximately 20 hours. (*Id.* at ¶ 24-26.) Plaintiff and other workers similarly situated would not clock in and out at the beginning and end of shifts to keep track of their hours worked. (*Id.* at ¶ 27.) Instead, performers were required to sign something to record that they had been in attendance for their shift, but their hours worked were not recorded. *Id.* Customers would pay dancers in cash, and dancers were expected to give the cash to the manager of the shift, who would record how much cash was received and which dancer earned it. (*Id.* at ¶ 28.) It was expected that Billy Dean's and the dancer would each receive a "cut" of the cash received. (*Id.* at ¶ 29.) Plaintiff and similarly situated dancers would receive their pay in cash at the end of each shift after signing their name next to where their name was type-written on a piece of paper. (*Id.*)

During Plaintiff's employment, she never received paystubs or any notification from an online equivalent. (*Id.* at ¶ 30.) Plaintiff circumstantially left Billy Deans to work for a different company that utilized ADP payroll processing. (*Id.* at ¶ 31.) When she utilized ADP payroll processing to check the paystubs for her new job, she had access to payroll records pertaining to Billy Dean's which she was unaware of previously. (*Id.*) Plaintiff found that these records had made it appear that she been working on an hourly basis, which she was not, and, the quantity of hours worked did not reflect the hours she actually worked. (*Id.* at ¶ 32.) Defendants sent Plaintiff a W2, and it did not reflect the reality of how much Plaintiff was paid or how many hours she had worked. (*Id.* at ¶33.)

## II. Procedural History

Plaintiff commenced this action on June 9, 2023, to recover unpaid or underpaid wages and other damages under the provisions of the FLSA and the NYLL. (ECF No. 1 at ¶ 2.) Plaintiff

3

additionally alleged Defendants engaged in fraudulent reporting activities on their tax forms. Plaintiff brings her claims on behalf of all performers employed by the Defendants on or after the date three years before the filing of the instant Complaint (hereafter, the "Proposed FLSA Collective"), and alleges they are similarly situated, "in that they have had substantially similar job duties, have been subject to common pay practices and decisions on the part of the Defendants." (*Id*. at ¶ 37.) On September 20, 2024, Plaintiff filed a Motion to Certify FLSA Collective Action. (ECF No. 11.) On September 26, 2023, at an Initial Conference before the undersigned, Defendants advised they intended to oppose conditional certification. (ECF No. 13.) The undersigned terminated the filing at ECF No. 11, which was styled as a motion, as moot, and directed the parties to meet and confer and submit a proposed scheduling order and briefing schedule for Plaintiff's anticipated motion for conditional certification. (*Id*.) The parties filed their proposed briefing schedule on October 6, 2023, which was adopted by the undersigned on October 10, 2023. (*See* Electronic Order dated October 10, 2023.) On November 7, 2023, Plaintiff filed her Motion to Certify the FLSA Collective Action (ECF No. 15), Defendants' Response in Opposition (ECF No. 16), and Plaintiff's Reply in Support (ECF No. 17.)

### III.     The Parties' Contentions

#### A.     Plaintiff's Motion to Certify

Plaintiff's Motion to Certify argues that conditional certification is warranted here because Plaintiff has shown the FLSA Collective Plaintiffs are similarly situated, through: (i) a declaration stating that she was subject to the pay practices at issue and was aware of others who had been subject to the same practices; and (ii) declaration explaining why certain attached pay records provided prior to litigation have a substantial probability of being deemed inaccurate, and minimum wage and tip laws having been violated. (ECF No. 15-1. at 10, ECF No. 15-2

4

(Declaration of Penn Dodson, Esq.), ECF No. 15-3 Declaration of Angelique McPherson)). Plaintiff specifically requests four specific proposed collective and notice procedures to ensure that potential opt-in plaintiffs receive the opportunity to participate in the lawsuit. (ECF No. 15-1 at 9-12.) *First*, Plaintiff requests that Defendants provide an excel sheet of the "Full names (including any nicknames or alternate spellings), ALL known mailing addresses, ALL known phone numbers, ALL known email addresses, Primary language, if other than English, Dates of employment, and Positions Held" of all non-management individuals who have worked for Billy Dean's on or after the date six years before the filing of the Complaint in this action to the date of the Court's Order on this motion) within 14 days of the Court's Order. (*Id.* at 9-11.)

*Second*, Plaintiffs ask that Defendants utilize their Proposed Notice and Consent Form (ECF Nos. 15-6, 15-7), which are "timely, accurate, and informative," and employ clear language which includes ramifications of joining or not joining, and they lay out the procedure by which to participate if desired. (*Id.* at 11-12.) *Third*, Plaintiff requests permission from the Court to disseminate the Notice and Consent form via regular mail, email, text (SMS) links, and social media to ensure potential opt-in plaintiffs have the best chance of this constituency to receive notice of their rights. (*Id.* at 12-13.) *Finally*, Plaintiff requests that Defendants provide the contact list within 14 days of the Court's Order, that Plaintiff's counsel disseminates the notice as soon as practicable within the following 14 days, and that there be a 60-day opt-in period from the initial dissemination. (*Id.* at 13.)

      B.      <u>**Defendants' Response in Opposition**</u>

In Defendant's opposition, Defendant makes five contentions. (ECF No. 16-9 at 7-11.) *First,* Defendant argues that Plaintiff failed to establish that Defendants utilized a common policy, practice, or scheme that violated the FLSA because payroll and wage records indicated that she

5

worked less than other employees due to tardiness and absenteeism. (*Id*. at 11.) *Second,* Defendant claimed that Plaintiff failed to meet her burden that employees were similarly situated because Plaintiff's lack of credibility provide a basis for denial of conditional certification for the proposed class. (*Id.* at 8-9.) *Third,* Defendant argues that Plaintiff's Declaration should be stricken because a district court cannot rely on inadmissible hearsay to determine threshold issues such as class certification. (*Id.* at 9.) *Fourth*, Defendant contends that even if collective action is found to be appropriate, the scope of the collective action should be limited to non-exempt dancers/waitresses for two-years prior because plaintiff's requested scope is overly broad. (*Id.* at 10.) Defendant found this request to be overly broad since the FLSA's statute of limitations for claims is two years and if it was extended to all "non-management hourly paid employees," the class would be extended to unaffected bouncers who did not perform any dances. (*Id.* at 10.) *Finally,* if the Court grants conditional certification, Plaintiff's proposed notice should be modified the following five ways: (i) the relevant time period limitation should be two years; (ii) the heading on the notice should not bear the name of the Court or the caption of the case for neutrality purposes; (iii) putative class members should be informed that they will be responsible for court costs if the claim is unsuccessful; (iv) recipients should receive a statement that if they join the action, they may be required to provide documents, answer to interrogatories, sit for a deposition, or testify in court; and (v) Plaintiff should not be provided with inherently private information from former employees such as email addresses and phone numbers. (*Id.* at 11-12.)

### C. **Plaintiff's Reply in Support**

Plaintiff's Reply reiterates her request that the Court certify the FLSA collective, require Defendant to produce the contact information as requested, and allow the requested distribution methods for the notice. (ECF No. 17 at 7.) *First*, Plaintiff argues that Defendant's emphasis on the

6

merits of the claim were misguided, as within a motion to proceed collectively is not the time to argue the merits of the case. (*Id.* at 1.) *Second*, Plaintiff argues that the Plaintiff has articulated sufficient commonality in pay practices. (*Id.* at 1-2.) Plaintiffs pointed out that within the records that Defendant provided, the math on the payroll did not add up and there were no start and end times of employees shifts. (*Id.* at 2.) Plaintiff claimed that this then proved their theme of the case, that records did not reflect the reality of the pay that was received by the staff, what the pay was for, or the staff's hours worked; thus, employees were similarly situated in their lack of accuracy in pay. (*Id.* at 2-3.)

*Third*, Plaintiffs argue that their requested six-year statutory period is appropriate because there is a split of authority in terms of whether a three or six-year time-period is more appropriate in a hybrid FLSA/NYLL case and the cases that Defendants relied upon did not support their argument of a two-year limitations period. (*Id.* at 4-5.) *Fourth*, Plaintiff asserts that the notice should not be modified in the way that Defendant requests for the following four reasons: (i) the argument regarding why there should be a six-year time period was a preceding argument; (ii) Defendant's request regarding the caption or heading of the notice is confusing as the proposed notice does not contain a caption or heading; (iii) the request to include the potential opt-in plaintiff's responsibility for court costs is a form of intimidation and is misleading; and (iv) the request to include a statement on potential presence for discovery and participation is similarly intimidating and misleading for potential opt-in plaintiffs. (*Id.* at 5-6.) *Finally*, Plaintiff argues that the type of contact information that they have requested such as "names, nicknames, mailing addresses, email, and phone numbers" is routinely required by courts. (*Id.* at 6-7.)

7

# DISCUSSION

**I.      Request 1: Motion to Certify FLSA Collective**

Plaintiff alleges Defendants: (i) failed to pay Plaintiff and others similarly situated the minimum wage for all hours worked, in violation of the FLSA; (ii) failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff and others similarly situated, in contravention of the FLSA and affiliated Regulations; (iii) failed to pay minimum wage, record-keep, provide break time, wage notices, pay stubs and tip notices in violation of the NYLL; and (iv) made improper deductions to wages under the NYLL. (ECF No. 1 at ¶¶ 49-69.) The Complaint and exhibits provided in support of Plaintiff's Motion to Certify provide detailed information as to the hours Plaintiffs worked and the monies they were paid and supposed to be paid.  (*See generally id.*)

Section 216(b) of the FLSA provides, in relevant part:

> An action to recover ... liability ... may be maintained against any employer ... by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

"While FLSA does not prescribe any procedures for approval of actions brought collectively by those who are 'similarly situated,' courts have long construed § 216(b) to grant district court authority to order that notice be given to potential plaintiffs informing them of the option to join the suit." *Id.*  Approval of a collective action is a two-step process. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id.*  All that is needed

is a modest factual showing that plaintiffs and potential opt-in plaintiffs were victims of a common policy that violated the law. *Id.* Particularly, in an exemption case, plaintiffs can do this by showing there were other employees similarly situated with respect to their job requirements and pay provisions, who were classified as exempt under a common policy or scheme. *Id.* The court may consider the pleadings as well as supporting affidavits. *Chang v. Philips Bryant Park LLC*, No. 17-CV-8816 (LTS) (SLC), 2019 WL 8105999, at *12 (S.D.N.Y. Oct. 23, 2019), *report and recommendation adopted,* 2020 WL 104812 (S.D.N.Y. Jan. 9, 2020). "If plaintiffs meet this 'fairly lenient standard,' conditional certification is typically granted and notice to potential plaintiffs authorized." *Poplawski v. Metroplex on the Atl., LLC*, No. 11-CV-3765, 2012 WL 1107711, at *4 (E.D.N.Y. Apr. 2, 2012). The second step occurs later, on a much more complete and developed record. *Myers*, 624 F.3d at 555. Plaintiffs must show that the plaintiffs who opted in are *actually similarly situated* to the named plaintiffs. *Id.* The undersigned considers conditional approval of the FLSA collective action through this lens.

Here, Plaintiff has demonstrated that she is similarly situated to the members of the Proposed FLSA Collective. *See* ECF No. 15-2 (Plaintiff's Counsel declaration states Defendants' payroll records are "not accurate[,]" that Plaintiff's wages were "underpaid," and that there "were others who were paid in the same manner and on that basis were 'similarly situated' with the Plaintiff."). Plaintiff's Declaration provides further support that other dancers and employees of Defendants were subject to the same common practice or policy:

> My compensation consisted exclusively of a percentage, as I understood it, of cash tips left by patrons of the establishment. Most commonly, club patrons would give me cash. I was required to turn the cash in, to the manager on duty, *just like all the dancers were*. My understanding is that the tips that all the dancers received were not lumped or pooled together, but that each dancer's tips were parsed out between the dancer herself, the bouncers on duty that shift, and the club. For example, while I do not know the percentages that the club used, if I received $100 in cash tips from a customer, maybe I would get $50,

9

> each of two bouncers would get $10, and the club would keep $30. (Again, I don't know how the division was figured; this is just an example.)
>
> At the end of the shift, I would be paid in cash. I did not receive checks. When the patrons had all left the club, we would line up to get our pay for the day. It wasn't just dancers. I believe it would have been everybody working on that shift other than managers. When it was my turn, the manager would tell me to sign a piece of paper in order to get my pay. My understanding was that I was basically verifying that I had been there for that shift and that I was receiving cash from them. It was basically the manager indicating "Here's what we're paying you for tonight. Sign here, by your name." They did not give me any paperwork to keep like a paystub or a breakdown of how they had figured out how much to pay me for the night.

(ECF No. 15-3 at ¶ 9-12) (emphasis added).

Indeed, Courts have found that even *just one* employee's declaration would be sufficient for conditional certification. *See e.g., Morrison v. Columbus Fam. Health Care LLC*, 672 F. Supp. 3d 524, 533–34 (S.D. Ohio 2023) (collecting cases). Conditional certification of collective actions is regularly granted based on employee affidavits which state "an employer's failure to pay minimum wage or overtime and identifying similarly situated employees by name." *Rosario v. Valentine Ave. Discount Store, Co.*, 828 F. Supp. 2d 508, 515 (E.D.N.Y. 2011). Plaintiffs can clear the lower conditional certification threshold even if they rely exclusively upon their own affidavit in support of certification which therein "relies heavily upon [the plaintiffs'] own experiences and observations." *See Ramirez v. Liberty One Grp. LLC*, 22 Civ. 5892 (KPF), 2023 U.S. Dist. LEXIS 121174, at *21-23 (S.D.N.Y. July 14, 2023).

Plaintiff has provided a detailed declaration describing the hours she worked, her pay information, and her lack of overtime and spread of hours payments. (ECF Nos. 15-3, 16-4 (text messages indicating payroll records are inaccurate); *see Placinta v. Grazina Pilka, Inc.*, No. 16-CV-4272-KAM-SJB, 2018 U.S. Dist. LEXIS 179222, at *21-22 (E.D.N.Y. Sept. 21, 2018) (finding two plaintiff's testimonies and statements to be sufficient to warrant conditional certification). Plaintiff has also outlined the experiences of several of her co-workers which

10

demonstrate Defendants' alleged practice of failure to pay their employees' appropriate wages and keep proper records. *See* ECF Nos. 15-2 (Declaration of Penn Dodson, Esq.), 15-3 (Plaintiff's Declaration), 16-1 (Earnings Record), 16-2 (Payroll and Deductions), 16-3 (Employee Payroll Journal), *See Jimenez v. S.O.S. Maint. Inc.,* No. 23CV1177 (GRB) (JMW), 2023 WL 4054521, at *4 (E.D.N.Y. June 16, 2023) ("Plaintiff identifies four customer service representatives by full name . . . that performed either the same or similar duties as Plaintiff at any given time. Plaintiff's allegations are sufficient at this stage."); *see also Watterson v. RUI Mgmt. Servs., Inc.*, No. 20CV1783 (GRB) (JMW), 2022 WL 3867755, at *7 (E.D.N.Y. Aug. 30, 2022) (holding Plaintiff provided adequate detail for the Court to conclude that he is similarly situated to other potential members of a collective consisting of debt collectors, where Plaintiff's Declaration noted "that RUI employs about 180 other debt collectors who also worked a similar purported forty-hour work schedule, and who complained to Plaintiff about RUI's unlawful pay practices" and "identifie[d] two other debt collectors by name who worked similar, if not identical, shifts as Plaintiff and who were requested to arrive at work seven minutes or less before their official start time to "set up," without being compensated for that time.").

These potential Plaintiffs are also similarly situated despite their holding different positions. Courts have held that even despite a difference in titles, Plaintiffs are still similarly situated for collective action purposes. *Islam v. LX Ave. Bagels, Inc.,* 18 Civ. 04895 (RA) (RWL), 2019 U.S. Dist. LEXIS 173744, at *7-8 (S.D.N.Y. Sept. 30, 2019). Similarly situated employees can include "cashiers, cooks, delivery workers, porters, dishwashers and deli workers employed at Defendants' stores" for the purpose of conditional certification of an FLSA collective action. *Id.* at *10-11. Collective action is appropriate as long as all prospective class members were similarly situated in that all were subject to the same policy and there is a factual nexus among plaintiffs.

11

*See Stevens v. HMSHost Corp.*, CV 10-3571 (ILG) (VVP), 2012 U.S. Dist. LEXIS 190689, at *21-22 (E.D.N.Y. June 15, 2012) ("As long as [the members of the proposed collective action] were all similarly situated with respect to being subject to the same policy of being denied overtime compensation, and there exists a factual nexus among the plaintiffs, conditional certification of the collective action is appropriate.") (internal citations omitted).  Therefore, the potential members' titles of dancer, waitress, or bouncer would be sufficient here in light of the lack of payment they too experienced, similar to the named Plaintiff.  (*See* ECF Nos. 15-3, 16-3.)  The Court thus finds that Plaintiff has adduced sufficient evidence for conditional certification of the FLSA collective.

## II.     Request 2: Approving the Proposed Notice

Where, as here, a Court finds that Plaintiff has satisfied her burden at the conditional certification stage, it has the "discretion to facilitate this collective action mechanism by authorizing that notice be sent to potential plaintiffs informing them of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Gonzalez v. Hanover Ventures Marketplace LLC*, 21 Civ. 1347 (ER), 2022 U.S. Dist. LEXIS 11473, at *6 (S.D.N.Y. Jan. 21, 2022) (internal citations omitted); *Hanchard-James v. Brookdale Family Care Ctrs.*, 12 Civ. 1922 (BMC), 2012 U.S. Dist. LEXIS 113118, at *4 (E.D.N.Y. Aug. 9, 2012) ("The Second Circuit has held that district courts may facilitate FLSA collective actions by authorizing the distribution of notice to any potential plaintiffs to inform them of their ability to opt in to the collective action.") (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010)). Further, the Court's authorization of the dissemination of the notices ensures that other potential opt-in plaintiffs will receive "timely, accurate, and informative" materials.  *Islam v. LX Ave. Bagels, Inc.*, 18 Civ. 04895 (RA) (RWL), 2019 U.S. Dist. LEXIS 173744, at *19 (S.D.N.Y. Sept. 30, 2019); *Bittencourt v. Ferrara Bakery & Café, Inc.*, 310 F.RD. 106, 116 (S.D.N.Y. 2015) (stating that district courts ensure that plaintiffs

receive accurate and timely notices "so that they can make informed decisions about whether to participate"). Accordingly, having found that Plaintiff has met her initial burden in demonstrating she is similarly situated to other employees, the Court exercises its discretion in authorizing Plaintiff to issue the notice for opt-in plaintiffs.[1]

### A. Plaintiff's Proposed Notice and Consent Form

Plaintiff has provided for Court approval a proposed Notice of Pendency and Consent to Join form. *See* ECF No. 15-6, 15-7. Defendants have posed numerous objections to the content of Plaintiff's proposed Notice. *See* ECF No. 16-9. "[T]he district court has discretion regarding the form and content of the notice." *In re Penthouse Exec. Club Comp. Litig.*, No. 10 CIV. 1145 (NRB), 2010 WL 4340255, at *5 (S.D.N.Y. Oct. 27, 2010); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006) (citing *Hoffmann–La Roche v. Sperling*, 493 U.S. 165, 170 (1989)) ("[T]he Supreme Court has noted that the 'details' of notice should be left to the broad discretion of the trial court.").

Here, the Court directs counsel for both sides to meet-and-confer further to arrive at a proposed agreed-upon Notice. *See e.g., Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 75 (E.D.N.Y. 2016). "At this time, the Court will not address Defendants' objections to the Notice since the Court has directed a further meet-and-confer." *See id.*; *Velasquez v. Digital Page*, No. CV 11–3892, 2014 WL 2048425, at *9–15 (E.D.N.Y. Jul. 25, 2014) (analyzing the length of notice period,

---

[1] It is proper for the Plaintiff to exclude Defendants' attorney's information on the Notice of Pendency to avoid confusion or ethical conflicts. Courts in this Circuit have consistently found the exclusion of defendant's attorney's information from Notices of Pendency to be reasonable. *See Ling Chen v. Asian Terrace Rest., Inc.,* 19-cv-7313 (BMC), 2020 U.S. Dist. LEXIS 126417, at *15 (E.D.N.Y. July 17, 2020) (finding the exclusions of the defendant's attorney's information from the Notice of Pendency to be reasonable); *Carranza v. VBFS, Inc.,* 20-cv-02635 (PAE) (KHP), 2021 U.S. Dist. LEXIS 64885, at *19 (S.D.N.Y Apr. 2, 2021) (granting the request to exclude Defendants' attorneys' information from the notice); *Singh v. Anmol Food Mart, Inc.,* No 22-CV-5475 (RER) (JAM), 2024 U.S. Dist. LEXIS 14475, at *12 (E.D.N.Y. Jan. 26, 2024) (allowing defendant's counsel's information to be excluded from the notice).

the starting date for purposes of notice, the time limit to opt-in, notice of the consequences of joining the action). The agreed-upon notice, as well as any remaining objections shall be filed on ECF with a redlined version of the proposed Notice to the Court by October 24, 2024 for review. *See Valerio*, 314 F.R.D. at 75–76; *see also Watterson*, No. 20CV1783 (GRB) (JMW), 2022 WL 3867755, at *10 (granting plaintiff's motion for conditional certification and directing the parties to meet and confer regarding a proposed notice for the potential opt-in plaintiffs).

### B. Temporal Scope of the Notice and Opt-In Period

As stated, Plaintiff proposed sending the Notice to Covered Employees who worked for Defendants six years prior to the filing of the Complaint. *See* ECF No. 15-1. Plaintiffs request this six-year period, despite the FLSA only having a maximum statute of limitation of three years, because the NYLL claims have a statute limitation of six years. *See id.*; NYLL § 198(3).

"The FLSA has a three-year statute of limitations for willful violations of its overtime provisions." *Zhao v. Surge Priv. Equity LLC*, No. 22 CIV. 7314 (KPF), 2023 WL 3477591, at *7 (S.D.N.Y. May 16, 2023); *Glass* v. *A.K. Allen Co., Inc.*, No. 10 Civ. 804 (ADS) (ETB), 2010 WL 11632764, at *2 (E.D.N.Y. Oct. 21, 2010). "Sensibly, then, courts often set a notice period for three years before the filing of the complaint in a FLSA case." *Id.*; *see, e.g.*, *Mongiove* v. *Nate's Corp.*, No. 15 Civ. 1024 (NGG) (RML), 2016 WL 590460, at *6 (E.D.N.Y. Feb. 11, 2016). "Some courts in the Second Circuit have permitted six-year notice periods in conditionally certified FLSA collective actions which also involve NYLL claims" to account for the NYLL's six-year statute of limitations[,]" however, "the growing trend in this Circuit is to use a three-year rather than a six-year notice period when the motion before the court seeks certification under the FLSA rather than under Federal Rule[ ] of Civil Procedure Rule 23 in connection with NYLL claims." *Franze* v. *Bimbo Foods Bakeries Distrib., LLC*, No. 17 Civ. 3556 (NSR) (JCM), 2019 WL 1417125, at *4

14

(S.D.N.Y. Mar. 29, 2019) (collecting cases); *see also Santiago v. Cuisine By Claudette, LLC*, No. 23CV2675 (OEM) (RER), 2023 WL 8003323, at *5 (E.D.N.Y. Nov. 17, 2023) ("Drawing on the small number of employees that worked for the Restaurants–generally around a cap of 40 employees – and the fact that [Plainitff] has already identified five by name with potential live FLSA and NYLL claims, the Court finds it reasonable and prudent to grant a six year notice period.").

"This is so because courts have recognized that authorizing notice of FLSA-only claims to putative collective members who are otherwise time-barred from bringing claims may promote confusion should counsel later move for class certification of NYLL claims." *Zhao v. Surge Priv. Equity LLC*, No. 22 CIV. 7314 (KPF), 2023 WL 3477591, at *7; *see, e.g.*, *Bhumithanarn* v. *22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985, at *5 (S.D.N.Y. July 13, 2015) (collecting cases); *Franze*, No. 717CV03556 (NSR) (JCM), 2019 WL 1417125, at *4 ("[T]he growing trend in this Circuit is, in order to promote judicial efficiency, to use a three year rather than a six-year notice period when the motion before the court seeks certification under the FLSA rather than under Federal Rules of Civil Procedure Rule 23 in connection with NYLL claims. This is because, unless the Court has already considered Rule 23 certification on a plaintiff's NYLL claims, it is speculative whether the plaintiff can meet the Rule 23 standard.") "Because the only motion currently before the Court is a motion for conditional certification of a collective under the FLSA, and because the Court cannot be assured at this stage that counsel will later seek certification of an NYLL class, much less be successful in doing so under Rule 23, the Court does not find a six-year notice period to be appropriate." *Zhao*, No. 22 CIV. 7314 (KPF), 2023 WL 3477591, at *7. Instead, the Court authorizes notice be sent to the relevant putative collective members for the three years prior to the filing of the Complaint on June 9, 2023. *See e.g.*, *Franze*,

No. 717CV03556 (NSR) (JCMZ), 2019 WL 1417125, at *4 ("[I]n order to avoid confusion and promote judicial efficiency, the court finds that a three-year notice period is appropriate."); *Jimenez*, No. 23CV1177 (GRB)(JMW), 2023 WL 4054521, at *7 (internal citations omitted) ("In similar situations, courts have found the rationale used by cases allowing only a three-year period more persuasive in order to avoid the confusion caused by notifying plaintiffs who potentially have two disparate claims under federal and state wage and hour laws with different statutes of limitations, along with the inefficiency of providing notice to plaintiffs whose claims may well be time-barred under the FLSA. The Court finds this rationale more persuasive especially since Plaintiff has moved for conditional certification of only her FLSA claim.").

With respect to opt-in period, "a 60–day notice period for potential plaintiffs is common practice under the FLSA." *Cohan v. Columbia Sussex Mgmt., LLC*, No. CV 12-3203 (JS) (AKT), 2013 WL 8367807, at *12 (E.D.N.Y. Sept. 19, 2013), *aff'd*, No. 12-CV-3203(JS)(AKT), 2016 WL 1045532 (E.D.N.Y. Mar. 15, 2016) (collecting cases); *see, e.g.*, *Fa Ting Wang v. Empire State Auto Corp.*, No. 14-CV-1491 (WFK) (VMS), 2015 WL 4603117, at *11 (E.D.N.Y. July 29, 2015) (quoting *Velasquez v. Digital Page, Inc.,* No. 11 Civ. 3892(LDW)(AKT), 2014 WL 2048425, at *12 (E.D.N.Y. May 19, 2014)) (collecting cases) ("Courts in this Circuit 'routinely restrict the opt-in period to sixty days.'"); *Zhao*, No. 22 CIV. 7314 (KPF), 2023 WL 3477591, at *8. The Notice shall therefore reflect that opt-ins have 60 days to return the consent form to counsel. "The Court declines to require the form to be filed within 60 days as this would shorten the notice period and potentially cause confusion." *Cohan*, No. CV 12-3203 (JS) (AKT), 2013 WL 8367807, at *12.[2]

---

[2] Plaintiffs' Proposed Notice (ECF No. 15-6) advises potential opt-ins: "The existing Plaintiff and any others who may join this action will be represented by the law firm, Anderson Dodson, P.C. unless you specify that you want someone else to represent you and make arrangements accordingly[,]" and the Proposed Consent Form (ECF No. 15-7) further states: "I also hereby designate named Plaintiffs' counsel to represent me for all purposes of this action unless I otherwise indicate on the record." *See Gui Zhen Zhu v. Matsu Corp*, 424 F. Supp. 3d 253, 271–72 (D. Conn. 2020) ("Where the proposed notice or consent form

16

**III.     Request 3: Disclosure of Contact Information for Potential Opt-ins**

As stated, Plaintiffs ask the Court to order Defendants to produce, within fourteen days of this Order, an excel sheet of the "Full names (including any nicknames or alternate spellings), ALL known mailing addresses, ALL known phone numbers, ALL known email addresses, Primary language, if other than English, Dates of employment, and Positions Held" of all non-management individuals who have worked for Billy Dean's on or after the date six years before the filing of the Complaint in this action." (ECF No. 15-1 at 9-11.)

This is not an unusual request and indeed courts in this Circuit have routinely granted such requests in the FLSA conditional collective certification stage. *See Pandora v. Deenora Corp,* No. 19-cv-7267 (BMC), 2020 U.S. Dist. LEXIS 230967, at *11-12 (E.D.N.Y. Dec. 8, 2020) (granting plaintiff's unopposed request for defendants to produce an excel within fourteen days of the entry of the court's order containing contact information for all non-managerial employees who worked for defendants during a given time period); *see also Zhongle Chen v. Kicho Corp.,* No. 18 CV 7413 (PMH) (LMS), 2020 U.S. Dist. LEXIS 67935, *25-26 (S.D.N.Y. Apr. 17, 2020) (granting plaintiff's request that defendants be ordered to provide an excel file within 14 days of the entry of the order, but limiting it to names, addresses, telephone numbers, email addresses, dates of employment, and possible social media handles); *Jian Wu v. Sushi Nomado of Manhattan, Inc.,* No. 17cv04661 (PGG) (DF), 2019 U.S. Dist. LEXIS 127895, at *36-38 (S.D.N.Y. July 25, 2019)

---

expressly informs putative plaintiffs of their 'right to retain separate counsel,' the courts are more inclined to permit putative plaintiffs to return their consent forms to the named plaintiff's counsel."). "Further, as some courts have recognized, returning consent forms to the Clerk of Court may be 'unnecessary' and 'burdensome' to the Court 'in light of the budgetary constraints and financial limitations faced by the federal courts.'" *Id.* (citing *Nahar v. Dozen Bagels Co. Inc.*, No. 15-CV-1613 (ALC) (FM), 2015 WL 6207076, at *7 (S.D.N.Y. Oct. 20, 2015)). Therefore, the Court directs that potential plaintiffs be instructed to send their Consent Forms to Plaintiff's counsel, "especially since doing so would reduce the burden on the [C]ourt, at a time of increased concern about institutional costs of operation." *Id.*

(granting plaintiffs' request that defendants be required to produce an excel spreadsheet or other reasonably useable formatted document containing contact information for all non-managerial employees for a certain time frame and worked in certain capacities); *Alvarez v. Schnipper Rests. LLC,* No. 16 Civ. 5779 (ER), 2017 U.S. Dist. LEXIS 204596, at *18 (S.D.N.Y. Dec. 11, 2017) (directing defendants to produce excel file within 10 days of the court's order with the names, titles, compensation rates, dates of employment, last known mailing and email addresses, and all telephone numbers for the relevant employees). Accordingly, this request is granted *in part*, and Defendants must provide the excel spreadsheet with the request information to Plaintiffs of all non-management individuals who have worked for Billy Dean's on or after the date *three* years before the filing of the Complaint. *See supra* II. Request 2: Approving the Proposed Notice, B. Temporal Scope of the Notice and Opt-In Period (authorizing notice to be sent to the relevant putative collective members for the three years prior to the filing of the Complaint on June 9, 2023); *see e.g.*, *Watterson*, No. 20CV1783 (GRB) (JMW), 2022 WL 3867755, at *10 (granting Plaintiff's request for names, last known addresses, telephone numbers (both home and mobile), e-mail addresses, and dates of employment of potential collective members in connection with a conditional certification of an FLSA collective action and directing Defendants to provide Plaintiff the information in "computer-readable format").

**IV.**     **Request 4: Dissemination of the Notice**

*Finally*, Plaintiff requests that the Court permit her to disseminate the Notice and Consent form via "regular mail, email, text (SMS) links, and social media to ensure potential opt-in plaintiffs have the best chance of this constituency to receive notice of their rights." (ECF No. 15-1 at 12-13.) Courts have held that the dissemination of notices via mail, email, and text are appropriate vehicles. *See Carranza v. VBFS, Inc.*, No. 20-cv-02635 (PAE) (KHP), 2021 U.S. Dist.

18

LEXIS 64885, at *19 (S.D.N.Y. Apr. 2, 2021) ("[T]he Court agrees that disseminating the notice by mail, email, text message, and social media chat (addressed specifically to members of the proposed collective) is appropriate."); *Quiang Lu v. Purple Sushi Inc.*, 447 F. Supp. 3d 89, 96-97 (S.D.N.Y. Mar. 19, 2020) (directing that the notice to be sent "in any relevant language via mail, email, text, or social media platform"); *Jimenez*, No. 23CV1177 (GRB) (JMW), 2023 WL 4054521, at *9 (quoting *Tlapanco v. City Metal Traders, Inc.*, No. 21-CV-06341 (BMC), 2023 WL 2240396, at *5 (E.D.N.Y. Feb. 27, 2023)) ("'Courts in this Circuit have consistently allowed plaintiffs to send out collective notice via electronic means, including e-mail and text message.' This practice in today's world makes good sense. Today, even where mail is contemplated, email and text message are undoubtedly more likely to reach a potential opt-in plaintiff than mail alone.").

However, some courts have declined dissemination via social media if a plaintiff does not provide support as to why the court should deviate from the "traditional methods generally accepted by courts sitting in this Circuit." *Li Ni v. Red Tiger Dumpling House Inc.,* No. CV 19-3269 (GRB) (AKT), 2020 U.S. Dist. LEXIS 226539, at *36-37 (E.D.N.Y. Nov. 30, 2020) (collecting cases in this Circuit which have allowed dissemination of notices via mail, email, and texts if the employer's business has a high turnover rate but declining to dissemination by social media since plaintiff did not provide support "to deviate from the traditional methods generally accepted by courts sitting in this Circuit"); *Chui v. Am. Yuexianggui of Li LLC,* CV 18-5091 (SJF) (AKT), 2020 U.S. Dist. LEXIS 117296, at *28-29 (E.D.N.Y. July 2, 2020) (same). Here, Plaintiff has failed to provide support demonstrating why dissemination through social media channels is necessary in this case and/or what specific social media channels should be used. *Cf. Chen v. Thai Greenleaf Rest. Corp.*, No. 21-CV-01382 (MKB) (JMW), 2024 WL 3742718, at *6 (E.D.N.Y.

19

Aug. 9, 2024) (granting leave for dissemination of the notices via mail, email, texts, *and* social media *limited to WeChat,* and *WhatsApp*, to all members of the putative class where Plaintiffs stated that dissemination through social media channels are "reasonable and minimally invasive[,]" and, in their memorandum of law, stated and provided support "demonstrating that *WeChat* and *WhatsApp* are utilized heavily by Chinese-American immigrant workers and Hispanic-American immigrant workers—which make up the majority of the putative collective."). Accordingly, the Court grants leave for dissemination of the notices via mail, email, and texts *only*, "which methods of distribution have become standard in this Circuit." *Zhao*, No. 22 CIV. 7314 (KPF), 2023 WL 3477591, at *8; s*ee, e.g.*, *Lijun Geng* v. *Shu Han Ju Rest. II Corp.*, No. 18 Civ. 12220 (PAE) (RWL), 2019 WL 4493429, at *20 (S.D.N.Y. Sept. 9, 2019); *Knox* v. *John Varvatos Enters. Inc.*, 282 F. Supp. 3d 644, 667 (S.D.N.Y. 2017).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Conditional Certification of a Collective and for Court facilitation of Notice (ECF No. 15) is **GRANTED** *in part* and **DENIED** *in part*. In accordance with this Order: (i) Defendants are directed to provide the contact information for potential opt-ins to Plaintiffs via the excel spreadsheet on or before October 8, 2024; and (ii) the parties are directed to meet and confer and, by October 24, 2024, file a proposed Notice and Consent to Join Form, along with any remaining objections, for the Court's consideration.

Dated: Central Islip, New York
September 23, 2024

SO ORDERED:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge